NOSSAMAN LLP
Thomas Dover (State Bar No. 175363)
tdover@nossaman.com
777 South Figueroa Street, 34th Floor
Los Angeles, CA 90017
Tel. 213.612.7800
Fax: 213.612.7801
David C. Lee (State Bar No. 193743)
dlee@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Tel. 415.398.3600
Fax: 415.398.2438

Marshall, Gerstein & Borun LLP
Kelley S. Gordon (*pro hac vice*)
kgordon@marshallip.com
Gregory J. Chinlund (*pro hac vice*)
gchinlund@marshallip.com
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300

Attorneys for Plaintiff
VISUAL COMFORT LLC

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| VISUAL COMFORT LLC, <br><br> Plaintiff, <br><br> v. <br><br> WENDY LEE CARPENTER d/b/a VISUAL COMFORT and d/b/a VISUAL COMFORT DESIGN and d/b/a VISUAL COMFORT R AND D a/k/a VISUAL COMFORT R + D, <br><br> Defendant. | Case No.: 2:25-cv-08762-AH-AGRx <br><br> **CONSENT JUDGMENT and PERMANENT INJUNCTION  [JS-6** <br><br> Judge: Hon. Anne Hwang |

CONSENT JUDGMENT

1

WHEREAS, Plaintiff VISUAL COMFORT LLC ("*Plaintiff*") filed the above-captioned case against Defendant WENDY LEE CARPENTER d/b/a VISUAL COMFORT and d/b/a VISUAL COMFORT DESIGN and d/b/a VISUAL COMFORT R AND D a/k/a VISUAL COMFORT R + D ("*Defendant*") (Plaintiff and Defendant collectively the "*Parties*").

WHEREAS, Plaintiff is a Texas limited liability company with its principal places of business at 22400 NW Lak Drive, Houston, Texas.

WHEREAS, Defendant is an individual conducting business at 2948 Nojoqui Avenue, Los Olivos, California.

WHEREAS, the Parties have agreed to enter into a Settlement Agreement, which has been separately executed, resolving this litigation and have agreed to the entry of a Consent Judgment and Permanent Injunction as stated below, and Defendant has agreed not to appeal any part of this stipulated Consent Judgment and Permanent Injunction.

NOW THEREFORE, the Court, having read and considered the Consent Judgment and Permanent Injunction that has been executed by the Parties below, and finding that this Consent Judgment and Permanent Injunction is fair, reasonable, and adequate, and for good cause appearing, hereby ORDERS, ADJUDGES, and DECREES, as follows:

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and venue is proper pursuant to 28 U.S.C. § 1391(b).

**COUNT I**

**Trademark Infringement**

**15 U.S.C. § 1114**

2. Plaintiff is the owner of the Visual Comfort Marks (as defined in Plaintiff's Complaint).

3. Defendant used and continues to use "Visual Comfort" in connection with her offer for sale and rendering of services without Plaintiff's authorization or consent ("Infringing Services").

CONSENT JUDGMENT

2

4.   The Infringing Services advertised and offered by Defendant differ materially from those of Plaintiff's and were advertised and provided without Plaintiff's consent, and, as a result, infringe upon Plaintiff's valuable intellectual property in the Visual Comfort Marks.

5.   Defendant's use of "Visual Comfort" is likely to cause confusion among consumers as to the source and origin of the Infringing Services.

6.   Plaintiff informed Defendant that her offer of the Infringing Services infringed on Plaintiff's rights in the Visual Comfort Marks.

7.   Defendant's continued offering and rendering of the Infringing Services constituted trademark infringement pursuant to 15 U.S.C. § 1114, which caused substantial, immediate, and irreparable harm to Plaintiff for which there is no adequate remedy at law.

8.   Defendant is permanently enjoined from using the phrase "visual comfort" or any other phrase or mark likely to cause confusion with the Visual Comfort Marks.

### COUNT II

### False Association and False Designation of Origin

### 15 U.S.C. § 1125(a)(1)(A)

9.   Defendant's use of "Visual Comfort" has already caused consumer confusion, mistake, and/or deceit as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant with Plaintiff, when in fact no such relationship exists.

10.   Defendant's actions, including but not limited to the unauthorized advertisement and rendering of the Infringing Services and unauthorized use of "Visual Comfort," constitutes false association and false designation of origin in violation of the Lanham Act, 15 U.S.C. §1125(a), which has caused Plaintiffs irreparable harm for which there is no adequate remedy at law, in the form of, *inter alia*, trademark infringement, damages, and lost sales.

11.   Defendant is permanently enjoined from creating a false association or false designation of origin by offering or rendering the Infringing Services using the phrase "visual comfort" or any other phrase or mark likely to cause confusion with the Visual Comfort Marks.

CONSENT JUDGMENT

3

Case 2:25-cv-08762-AH-AGR     Document 48     Filed 05/20/26     Page 4 of 5     Page ID #:182

# COUNT III

## Cybersquatting

### 15 U.S.C. § 1125(d)

12.     Defendant's registration, trafficking, and use of the domain names visualcomfortdesign.com and visualcomfortrandd.com encompass the entirety of the distinctive portion of the Visual Comfort Marks (i.e., Visual Comfort).

13.     The Visual Comfort Marks were distinctive at the time Defendant registered and/or acquired the visualcomfortdesign.com and visualcomfortrandd.com domain names.

14.     Defendant's use of visualcomfortdesign.com and visualcomfortrandd.com diverts actual and potential customers away from Plaintiff's own website at visualcomfort.com and creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of visualcomfortdesign.com and visualcomfortrandd.com.

15.     Defendant's actions in relation to visualcomfortdesign.com and visualcomfortrandd.com constitute cybersquatting pursuant to 15 U.S.C. § 1125(d), which has caused irreparable harm to Plaintiff, in the form of, *inter alia*, its goodwill, reputation, and lost profits.

16.     Defendant is permanently enjoined from registering domain names incorporating the phrase "visual comfort" or any other phrase or mark likely to cause confusion with the Visual Comfort Marks.

17.     No appeals will be taken by any party from this Consent Judgment and Permanent Injunction, the right to appeal being expressly waived by the Parties.

18.     Any violation of this Consent Judgment and Permanent Injunction by Defendant will cause irreparable harm to Plaintiff, and if such a violation occurs, Plaintiff will be entitled to immediate relief.

\\

\\

\\

CONSENT JUDGMENT

4

19.     Final judgment will be entered pursuant hereto, without further notice. The Clerk is directed to enter this final Consent Judgment and Permanent Injunction forthwith. Each party shall bear its own costs and attorneys' fees.

**It is SO ORDERED, ADJUDGED AND DECREED.**

Dated: MAY 20, 2026                    By: _Annettwang_____
                                       The Honorable Anne Hwang
                                       United States District Judge

CONSENT JUDGMENT